**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARSHALL THOMPSON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>GETTY IMAGES (US), INC.,<br><br>                    Defendant. | Case No.<br><br>Cook County Case No. 2012 CH 43388 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), defendant Getty Images (US), Inc. ("Getty Images") hereby removes to the United States District Court, Northern District of Illinois, Eastern Division, the above-styled action, pending as Case No. 2012-CH-43388 in the Circuit Court of Cook County, Illinois, Chancery Division (the "State Court Action"). In support, Getty Images states the following:

## INTRODUCTION

1.      On December 6, 2012, plaintiff Marshall Thompson ("Plaintiff" or "Thompson") commenced a putative class action against Carlyle Group, a limited partnership d/b/a Getty Images ("Carlyle"), an entity which does not exist.

2.      After discussions between the parties, on January 10, 2013, Thompson dismissed Carlyle and filed an Amended Complaint to add Getty Images as the sole defendant. A true and correct copy of the Amended Class Action Complaint for Violation of Rights of Publicity ("Amended Complaint") is included in the pleadings attached as Exhibit A.

3.      Plaintiff alleges that Getty Images is a "stock photo agency" and "sells and offers for sale photographs and images over the World Wide Web." Amended Complaint at ¶¶ 3-4.

The Amended Complaint alleges that Getty Images violated the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq*., by allegedly posting and offering for sale photographs of Thompson on Getty Images' website without Thompson's permission.

4.      The Amended Complaint also alleges that Getty Images has a "large market share" and has "millions of images available on its website."  Amended Complaint at ¶ 16.

## BASIS OF JURISDICTION UNDER DIVERSITY

5.      Getty Images removes the State Court Action because this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

6.      The diversity statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between…citizens of different States."  28 U.S.C. § 1332(a)(1).

**A.      The amount in controversy exceeds $75,000.**

7.      In arguing that Plaintiff has alleged facts sufficient to meet the amount in controversy requirement, Getty Images does not admit the facts alleged in the Amended Complaint.  Even if the facts were true, Getty Images does not admit that they state a claim.  And even if the facts were true and stated a claim, Getty Images does not admit that there are any damages.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration [for notice of removal] concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.").  Getty Images denies any allegations that would justify an award of punitive damages.

8.      The amount in controversy requirement is met by showing "a reasonable probability that the stakes exceed the minimum."  *Id.*; *see also Espinosa v. Philip Morris USA*,

*Inc.*, No. 07-cv-231, 2007 WL 917383, *2 (N.D. Ill. March 26, 2007). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses jurisdiction." *Brill*, 427 F.3d at 448; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

9.      As a whole, the allegations in the Amended Complaint meet the amount in controversy requirement of $75,000. First, Plaintiff requests damages "in excess of $50,000." Amended Complaint at WHEREFORE clause, subsection (c).

10.      Plaintiff also requests "Attorneys' fees and costs pursuant to statutory authority." Amended Complaint at WHEREFORE clause, subsection (d). Attorneys' fees and costs are available under the Illinois Right of Publicity Act. 765 ILCS 1075/55. Attorneys' fees incurred up to the time of removal may be included in the amount in controversy. *ABM Security Services, Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011).

11.      Additionally, punitive damages are available under the Illinois Right of Publicity Act. 765 ILCS 1075/40(b). While Plaintiff does not expressly request punitive damages, Plaintiff does request "[s]uch other and further relief that this Court deems equitable and just." Amended Complaint at WHEREFORE clause, subsection (e). Punitive damages would fall under such requested relief. It is appropriate for punitive damages to be considered as a component of the jurisdictional amount. *See Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.") (internal quotation marks and citation omitted). Moreover, punitive damages in the amount of two or three times actual damages "may properly be reckoned into the jurisdictional amount for purposes of diversity jurisdiction." *Jones v. American Coal Co.*, 12-cv-160 (GPM),

2012 WL 626175, *1 (S.D. Ill. Feb. 24, 2012) (citing *Anthony v. Security Pac. Fin. Servs., Inc.,* 75 F.3d 311, 317–18 (7th Cir.1996)). Hence, as the court noted in *Jones*, where the plaintiff alleges damages in excess of $50,000, punitive damages in an amount of "twice [plaintiff's] compensatory damages would bring the amount in controversy in this case above the jurisdictional threshold for diversity purposes." *Id.*

12.     Taken together, the damages, attorneys' fees and costs, and punitive damages put in excess of $75,000 in controversy. Thus, Plaintiff cannot prove as a legal certainty that the amount in controversy is less than $75,000. However, Getty Images denies that Plaintiff is entitled to any recovery of the aforementioned relief, and will vigorously defend against the allegations in the Amended Complaint.

13.     Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed the jurisdictional requirement, "the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed…[the jurisdictional requirement]…the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation and quotation marks omitted).

**B.     The parties are citizens of different states.**

14.     Plaintiff is a citizen of Illinois. Amended Complaint at ¶ 2.

15.     A corporation is a citizen of any state by which it has been incorporated and any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16.     Defendant Getty Images is incorporated in the State of New York and, thus, is a

citizen of the State of New York.  Amended Complaint at ¶ 3.

17.     Thus, the requirement of complete diversity is met.

18.     In light of the above, all of the requirements for removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 are met.

## BASIS OF JURISDICTION UNDER CAFA

19.     Removal of the State Court Action is also proper pursuant to CAFA, 28 U.S.C. § 1332(d).  CAFA provides this Court with original jurisdiction over this action.

20.     CAFA vests the United States District Courts with original jurisdiction when the aggregate amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs, and any member of the class of plaintiffs is a citizen of a state different from any defendant.  Those requirements are satisfied in this action, as set forth below in more detail.  However, in asserting that these requirements are satisfied, Getty Images does not admit that the requirements for certification of a class are met nor that Thompson is entitled to damages in the amount of $5,000,000 or any damages on the merits.

**A.     This matter is a class action as defined by CAFA.**

21.     The State Court Action is a class action as defined by CAFA.  CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

§1332(d)(1)(B).

22.     Plaintiff filed the State Court Action, allegedly pursuant to 765 ILCS 5/2-801, *et seq.*, as a putative class action on behalf of himself and others similarly situated.  Amended Complaint at ¶¶ 7-16.

23.     Thus, this action falls within the definition of a class action under CAFA.

**B.      The putative class exceeds 100 members.**

24.     CAFA requires that a class consist of at least 100 persons.  28 U.S.C.

§1332(d)(5)(B).

25.     This requirement is met in this case because the Amended Complaint alleges that

the proposed class "likely exceeds 100 members."  Amended Complaint at ¶ 16.

**C.      Minimal diversity exists.**

26.     Under CAFA, the diversity requirement is met if "any member of a class of

plaintiffs is a citizen of a State different from any defendant…"  §1332(d)(2)(A).

27.     Plaintiff is a citizen of Illinois.  Amended Complaint at ¶ 2.

28.     Defendant Getty Images is incorporated in the State of New York and is a citizen

of the State of New York.  Amended Complaint at ¶ 3.

29.     The diversity of citizenship between Thompson and Getty Images satisfies the

diversity requirements of CAFA.

**D.      The CAFA amount in controversy requirement is satisfied.**

30.     CAFA creates original jurisdiction for "any civil action in which the matter in

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

§1332(d)(2).  Under CAFA, the claims of individual class members must be aggregated.

§1332(d)(6).  Here, because of the potential size of the class alleged by Plaintiff, Getty Images'

alleged large market share, the allegedly millions of images available on Getty Images' website,

and the nature of damages under the Illinois Right of Publicity Act, the amount in controversy

requirement is satisfied.

31.     Under the Illinois Right of Publicity Act, a violation may result in a damages

award consisting of either (1) actual damages, profits derived from unauthorized use, or both; or (2) statutory damages in the amount of $1,000 per violation, whichever is greater. 765 ILCS 1075/40.

32.     Plaintiff states that the class likely exceeds 100 members (Amended Complaint at ¶ 7), but on the basis of other allegations in the Amended Complaint, the class could potentially be significantly larger.

33.     The class is defined as follows:

> "All Illinois residents who are performers, musicians, singers, or actors who perform, as a musician, singer or actor for compensation, who did not die before the effective date of 765 ILCS 1075/1 et seq. The Illinois Rights (sic.) of Publicity Act, January 1, 1999, and who, without their written permission had their pictures with names near their pictures offered for sale or sale of purported licenses during the applicable statute of limitations on Getty Company's websites, including www.Getty.com, www.Gettymotion.com, or www.Gettyoutline.com."

(Amended Complaint at ¶ 7).

34.     The class is so broadly defined that it likely includes many more than 100 members.

35.     Furthermore, for each member, there are potentially numerous violations. Plaintiff alleges that Getty Images has a "large market share" and that there are "millions of images available on its website." Amended Complaint at ¶ 16.

36.     As further support that jurisdiction under CAFA is appropriate, the court can take judicial notice that Plaintiff's counsel filed two similar class actions against Corbis Corporation, another large stock photography company, alleging violations of the California Right of Publicity statute where the plaintiffs alleged that the aggregate claims of the individual members would likely exceed $5,000,000. *See Alberghetti v. Corbis Corp.*, 09-cv-5735 (SVW) (CWx) (C.D. Cal. August 5, 2009), Complaint (Dkt. # 1) at ¶ 9, *Jones v. Corbis Corp.*, 10-cv-8668

(SVW) (CWx) (C.D. Cal. November 12, 2010), Complaint (Dkt. # 1) at ¶ 7, both attached as

Exhibit B.  The court can take judicial notice of these complaints in addressing whether the

jurisdictional requirements for removal are met.  *See, e.g., Bova v. U.S. Bank, N.A.,* 446

F.Supp.2d 926, 931 n. 2 (S.D. Ill. 2006); *Buettikoffer v. McClatchy Co.,* 8-cv-374-GPM, 2008

WL 3823721, *1, (S.D. Ill. Aug. 13, 2008).

**E.     The exceptions to CAFA jurisdiction do not apply.**

37.     Plaintiff bears the burden of establishing any exceptions to CAFA jurisdiction.

*Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 680-81 (7th Cir. 2006).

38.     CAFA provides one discretionary exception and two mandatory exceptions to the

application of federal jurisdiction.  28 U.S.C. §§ 1332(d)(3)-(4).

39.     However, all three exceptions require that the defendant is a citizen of the state in

which the action was originally filed.  28 U.S.C. §§ 1332(d)(3)-(4).

40.     Here, because Getty Images is not a citizen of the state of Illinois, none of the

CAFA exceptions applies.

## 28 U.S.C. § 1446 REQUIREMENTS

41.     **Removal is timely.**  A notice of removal may be filed within 30 days after the

defendant receives a copy of the initial pleading, motion, or other paper from which it may be

ascertained that the case is removable.  28 U.S.C. § 1446(b).  Getty Images received a copy of

the Amended Complaint on January 10, 2013.  This Notice of Removal is timely filed on or

before February 11, 2013.

42.     **Removal to proper court.**  This Court is part of the "district and division within

which" this action was filed – Cook County, Illinois.  28 U.S.C. § 1446(a).

43.     **Pleadings and process.**  Pursuant to 28 U.S.C. § 1446(a), a "copy of all process,

pleadings, and orders served upon" Getty Images is attached to this Notice of Removal as

Exhibit A.  Getty Images has not answered or otherwise filed a response to the Amended

Complaint.

44.     **Notice to state court.**  A copy of this Notice of Removal is being filed with the

Clerk of the Circuit Court of Cook County, Illinois, and is being served on counsel of record,

consistent with 28 U.S.C. § 1446(d).

45.     Getty Images hereby reserves all defenses and objections to Plaintiff's Amended

Complaint, including but not limited to: failure to state a claim and failure to satisfy the

requirements for class certification.

WHEREFORE, Getty Images removes this action to this Court for further proceedings

according to law.


DATED:          February 8, 2012                   Respectfully Submitted,

                                                   By:     Debra R. Bernard

                                                   Debra R. Bernard (ARDC No. 6191217)
                                                   Jeremy L. Buxbaum (ARDC No. 6296010)
                                                   PERKINS COIE LLP
                                                   131 South Dearborn Street, Suite 1700
                                                   Chicago, Illinois 60603-5559
                                                   (312) 324-8400
                                                   (312) 324-9400
                                                   dbernard@perkinscoie.com
                                                   jbuxbaum@perkinscoie.com

                                                   *Attorneys for Defendant Getty Images*
                                                   *(US), Inc.*